# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:14-CR-69** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **GABRIEL JOHN STOUFFER**, | : | |
| | : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 13th day of July, 2017, upon consideration of the correspondence (Doc. 426) filed *pro se* by defendant Gabriel John Stouffer ("Stouffer"), requesting that the court amend the judgment (Doc. 414) entered against him on September 21, 2016, to reflect that restitution shall be payable among the defendants equally rather than jointly and severally, and to reduce his payment schedule to reflect changes in his economic circumstances, (Doc. 426 at 1-2), see also 18 U.S.C. § 3664(k), and the court construing Stouffer's correspondence as a motion to amend the judgment, but concluding that Stouffer articulates no basis to alter the joint and several restitution designation, and fails to offer any evidence at all supporting his blanket request that the court reduce the payment schedule from fifty percent of the funds deposited in his inmate trust fund account per quarter to no more than $50.00 per quarter, (Doc. 426 at 2), thus failing to carry

his burden under 18 U.S.C. § 3664(k),[1] see Savage, 466 F. App'x at 70, it is hereby ORDERED that Stouffer's correspondence (Doc. 426) is CONSTRUED as a motion to amend judgment and modify restitution payments pursuant to 18 U.S.C. § 3664(k) and is DENIED as so construed, without prejudice to Stouffer's right to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 to the extent he disputes the Bureau of Prisons' implementation of the court's restitution order.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Stouffer suggests that the more appropriate mechanism for raising his request might be a habeas corpus petition pursuant to 28 U.S.C. § 2241. (See Doc. 246 at 2). In McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), the Third Circuit held that challenges to the federal Bureau of Prisons' execution of restitution judgments by prisoners enrolled in the Inmate Financial Responsibility Program ("IFRP") are properly raised under 28 U.S.C. § 2241. See McGee, 627 F.3d at 937. However, a motion under 18 U.S.C. § 3664(k) remains the appropriate vehicle for challenging payment schedules imposed by the court. See United States v. Savage, 466 F. App'x 68, 70 (3d Cir. 2012) (nonprecedential). Such is the challenge expressly raised in Stouffer's instant motion. To the extent Stouffer is also challenging the Bureau of Prisons' implementation of the restitution judgment in addition to the amount and method of payment ordered by the court, he may do so by separate petition under 28 U.S.C. § 2241. See McGee, 627 F.3d at 937.